IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID VIEKE and JO ANN
VIEKE, husband and wife,

        Plaintiffs,

   v.

SUNTRUST MORTGAGE, INC., a
Virginia corporation;
CHARLES E. FIELD and LYNETTE
A. FIELD, trustees of the
Complete Restatement of the
Charles E. Field and Lynette
A. Field Family Trust dated
May 4, 1995, an Oregon
trust; EXPERIAN INFORMATION
SOLUTIONS, INC., a Georgia
corporation; TRANS UNION,
LLC, a Delaware corporation;
and EQUIFAX, INC., a Georgia
corporation;

        Defendants.

Case No. 6:12-cv-00158-AA
OPINION AND ORDER

---

Frederick A. Batson
Cassie K. Jones
Gleaves Swearingen Potter & Scott LLP
975 Oak Street, Suite 800
P.O. Box 1147
Eugene, Oregon 97440
    Attorneys for plaintiffs

Page 1 - OPINION AND ORDER

David R. Voyles
Lane Powell PC
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101

Tanya D. Urbach
Lane Powell PC
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
    Attorneys for defendant SunTrust Mortgage, Inc.

AIKEN, Chief Judge:

Plaintiffs David and Jo Ann Vieke move to file an amended complaint pursuant to Fed. R. Civ. P. 15(a). Defendant SunTrust Mortgage, Inc. opposes plaintiffs' motion. For the reasons set forth below, plaintiffs' motion is granted.

## BACKGROUND

In February 2006, plaintiffs purchased a residential property ("Property"), in Redmond, Oregon. In March 2007, plaintiffs took out a loan from defendant in order to refinance the Property. Pursuant to this transaction, plaintiffs executed a promissory note ("Note") in favor of defendant. The Note was secured by a deed of trust ("DOT"), which lists defendant as the lender, Mortgage Electronic Registration Systems, Inc. as the grantee, and First American Title Insurance Company ("First American") as the trustee. The DOT was duly recorded in Deschutes County, Oregon.

In February 2010, First American executed a Notice of Default and Election to Sell the Property, which stipulated that plaintiffs had been in default under the Note since December 2009. In July 2010, First American sold the Property to Gorilla Capital, Inc.,

Page 2 - OPINION AND ORDER

thereby competing the non-judicial foreclosure.

On January 21, 2012, plaintiffs filed a complaint in this Court, alleging several claims based, in relevant part, on defendant's actions during the allegedly wrongful non-judicial foreclosure. Specifically, plaintiffs allege that defendant misapplied their December 2009 payment, such that they were not in default at the time of the foreclosure; plaintiffs provided proof that they had made the payment at issue, and several subsequent payments, yet defendant failed to correct this error or provide an opportunity to cure the alleged breach.

On October 5, 2012, this Court signed a stipulated order, dismissing Charles and Lynette Field, Experian Information Solutions, Inc., Equifax, Inc., and Trans Union, LLC as defendants from this action. Accordingly, SunTrust Mortgage, Inc. is the only remaining defendant at this stage in the proceedings. On October 26, 2012, plaintiffs requested leave to file an amended complaint.

## STANDARD

Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts apply Rule 15 with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether a motion to amend should be granted, the court generally considers four factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party.

Page 3 - OPINION AND ORDER

Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997) (citation omitted). These factors are not weighted equally: futility or prejudice, alone, can justify the denial of a motion to amend. See Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973); Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1055 (9th Cir. 2009).

**DISCUSSION**

Plaintiffs seek to amend their complaint in order to: (1) "reflect the fact that the parties have now reached agreement to dismiss all defendants, other than Defendant SunTrust Mortgage, Inc."; and (2) "conform [their pleadings] to information obtained . . . through conducting document discovery in this action." Pls.' Mot. Am. Compl. 2. As such, in their proposed amended complaint ("PAC"), plaintiffs assert allegations solely against defendant, omit certain pleadings that relied on disputed evidence, and replace their declaratory relief and breach of contract claims with those for wrongful foreclosure, conversion, and breach of the duty of good faith and fair dealing. Compare Compl., with PAC.

It is undisputed that the proposed amendments do not cause undue delay and are not brought in bad faith. Instead, defendant opposes the present motion because "the version of the [PAC that plaintiffs' counsel provided during conferral] was different from the version he ultimately filed with the Court." Def.'s Resp. to Mot. Am. Compl. 3 n.6. Defendant also argues that the proposed

Page 4 - OPINION AND ORDER

amendments are prejudicial because they "would not actually conform to the evidence, but would rather attempt to preclude SunTrust's ability to present . . . argument concerning whether the documents [that plaintiffs' relied on in their original complaint] were forgeries and who had the means and motivation to create such false documents." Id. at 6. Further, defendant asserts that the proposed claims for conversion and breach of the duty of good faith and fair dealing would be futile because they lie in tort "even though SunTrust's only obligation to Plaintiffs arose in contract"; additionally, "SunTrust recently returned to Plaintiffs' counsel any funds which would be the basis of the conversion claim." Id. at 3, 6-7.

As an initial matter, defendant's contention that plaintiffs failed to provide an accurate copy of the proposed amendments is without merit. See Batson Decl. ¶ 2 & Ex. 1 (on October 25, 2012, one day prior to filing the present motion, plaintiffs' counsel furnished the PAC to defendant). Moreover, defendant has not cited to, and the Court is not aware of, any authority that requires a plaintiff to assert claims in a manner that aids the opposing party in defending against them. Rather, it is well-settled that plaintiffs are "the master of the complaint" and, as a result, have control over which legal theories to pursue therein. See, e.g., Otay Land Co. v. U.E. Ltd., L.P., 2012 WL 1899799, *3 (S.D.Cal. May 24, 2012) ("[p]laintiffs were masters of their complaint and the

Page 5 - OPINION AND ORDER

sole decision-makers of when to file it and how to prosecute it"); Willig v. Exigon, Inc., 2012 WL 10375, *12 n.6 (C.D.Cal. Jan. 3, 2012) ("[p]laintiffs are the masters of their complaint and they must decide how best to proceed in light of the facts and evidence in this case"); see also Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997-98 (9th Cir. 2007) (citations omitted). As such, whether the PAC is phrased so as to remove the issue of the allegedly forged documents from this case is not a viable basis for denying plaintiffs' motion.

In addition, whether the proposed amendments conform with the evidence is immaterial at this stage in the proceedings because no evidence has been presented to or admitted by this Court, and no deposition testimony has been taken. Nevertheless, the Court finds that discovery thus far generally reflects the same facts as those alleged in the PAC. See Batson Decl. Exs. 2-8. In any event, it is inappropriate for defendant to attempt to litigate evidentiary issues pursuant to plaintiffs' motion to amend.

Accordingly, the sole issue before the Court is whether the proposed claims for conversion and breach of the duty of good faith and fair dealing are futile. A proposed amendment to a complaint is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." Sweaney v. Ada Cnty., Idaho, 119 F.3d 1385, 1393 (9th Cir. 1997) (quoting Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir.

1988)).

I.  Conversion Claim

Plaintiffs allege in their proposed conversion claim that, in January and March 2010, they sent checks to defendant in the amounts of $1742.31 and $3484.62, respectively. See PAC ¶ 38. The PAC further alleges that, after the foreclosure sale, defendant "wrongfully converted and negotiated the checks." Id. Conversion is "an intentional exercise of dominion and control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." Morrow v. First Interstate Bank, N.A., 118 Or. App. 164, 171, 847 P.2d 411 (1993).

Here, defendant concedes that it wrongfully retained "three checks tendered by [p]laintiffs." Def.'s Resp. to Mot. Am. Compl. 6. Nonetheless, defendant returned these funds, with interest, after plaintiffs' moved to amend their complaint. As such, defendant contends that, because it paid for the full value of the chattel at issue, plaintiffs' proposed claim is futile. In addition, defendant argues that plaintiffs cannot maintain this claim because it lies in contract and "a mere breach of contract does not constitute a 'tort,' nor authorize an action in tort." Id. at 8 (citing Harper v. Interstate Brewery Co., 186 Or. 26, 37, 120 P.2d 757 (1942)).

Page 7 - OPINION AND ORDER

A.  Whether Refunding the Chattel Obviates the Proposed Claim

In the PAC, plaintiffs seek damages for emotional distress in addition to repayment of the underlying chattel:

> the amount returned does nothing to compensate the Viekes for the physical and mental distress [they] incurred by not having a substantial sum of money during the most devastating economic times in recent memory while at the same time having to come up with the money to pay their living expenses and a home equity loan taken out on the property they no longer had because it was wrongfully taken by SunTrust, and after having their credit line ruined by the foreclosure.

Pls.' Reply to Mot. Am. Compl. 13; see also PAC ¶ 38 & pg. 19.

Emotional distress damages can be recovered in a conversion action under Oregon law. See Fredeen v. Stride, 269 Or. 369, 372-73, 525 P.2d 166 (1974); Ryan v. Foster & Marshall, Inc., 556 F.2d 460, 464 (9th Cir. 1977). Therefore, in light of Rule 15's policy favoring amendments, and because they are seeking compensation for mental anguish, plaintiffs' proposed conversion claim is not rendered futile by defendant's refund of the converted funds at issue.

B.  Whether the Proposed Claim can be Maintained in Light of the Parties' Contractual Relationship

The PAC makes clear plaintiffs' conversion claim is not premised solely on defendant's failure to perform under the parties' contractual agreements. In fact, the claim is premised on events that ensued after the DOT and Note were foreclosed upon. See PAC ¶ 38. In other words, the proposed claim involves

Page 8 - OPINION AND ORDER

circumstances wherein any contract between the parties ceased to exist. Thus, defendant's contention that the conversion claim is futile because it is based in contract is rejected.

II.  Breach of the Duty of Good Faith and Fair Dealing

Plaintiffs allege that defendant breached the duty of good faith and fair dealing by: misapplying the December 2009 check, accelerating the Note and initiating the non-judicial foreclosure before completing their investigation into whether that payment was received, continuing the foreclosure after discovering the December check had been received but misapplied, accepting further payments in January and March 2010 and cashing those checks after the foreclosure, making inaccurate credit reports, and filing a Notice of Default and Election to Sell that did not correctly list the amount owed. See PAC ¶ 58.

A claim for breach of the duty of good faith and fair dealing can be brought under either a tort or contract theory. Uptown Heights Assocs. Ltd. P'ship v. Seafirst Corp., 320 Or. 638, 644-47, 891 P.2d 639 (1995). A claim for tortious breach of the duty of good faith and fair dealing can be maintained, regardless of whether there is a contract, where the defendant violated an independent statutory duty of care. See Kisle v. St. Paul Marine Ins. Co., 262 Or. 1, 6-7, 495 P.2d 1198 (1972); Willmar Dev., LLC v. Ill. Nat'l Ins. Co., 726 F.Supp.2d 1280, 1285-86 (D.Or. 2010). Here, defendant argues that the proffered amendment would be futile

because the proposed claim is strictly contractual in nature, such that tort remedies are unavailable. Defendant also asserts that, to the extent that plaintiffs allege a claim for tortious breach of the duty of good faith and fair dealing, such a claim is not viable because the "lender-borrower relationship does not constitute a 'special relationship.'" Def.'s Resp. to Mot. Am. Compl. 8 n.8.

While not expressly alleged as such, the PAC and plaintiffs' briefs indicate that this claim is being pursued under both a contract and tort theory; thus, the issue is whether Oregon law imposes a duty of care beyond those outlined in the parties' contracts. See Pls.' Reply to Mot. Am. Compl. 12; see also PAC ¶ 58. Under the Oregon Trust Deed Act ("OTDA"), a trustee must provide notice of the amount owing to cure the default or satisfy the underlying debt pursuant to a non-judicial foreclosure. See Or. Rev. Stat. § 86.759. The OTDA mandates strict compliance with its terms in order to successfully effectuate a non-judicial foreclosure. See James v. Recontrust Co., 845 F.Supp.2d 1145, 1151 (D.Or. 2012) (citing Staffordshire Inv., Inc. v. Cal-Western Reconveyance Corp., 209 Or.App. 528, 542, 149 P.3d 150 (2006)). Based on this statute, and the contents of plaintiffs' proposed claim, this Court cannot conclude that no set of facts can be proven that would constitute a valid breach of the duty of good faith and fair dealing claim.

In sum, in deciding a motion to amend, this Court "must be

Page 10 - OPINION AND ORDER

guided by the underlying purpose of Rule 15 - to facilitate decision on the merits rather than on the pleadings or technicalities." Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987). As such, the objections that defendant raises in its response brief are more suitably resolved later pursuant to a substantive motion. Regardless, because the Court finds that the proposed amendments are not futile, brought in bad faith, nor would they cause prejudice or undue delay, plaintiffs' motion is granted.

## CONCLUSION

Plaintiffs' motion to file an amended complaint (doc. 44) is GRANTED. Accordingly, within 20 days of the date of this opinion, plaintiffs shall file an amended complaint. Finally, defendant's request for oral argument is DENIED as unnecessary.

IT IS SO ORDERED.

Dated this 7th day of December 2012.

_____
Ann Aiken
United States District Judge